UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In Re:

ROBERT D. SASSAK,

          Debtor.

_____/

MARK H. SHAPIRO TRUSTEE,                Case No. 09-13806

                                 Paul D. Borman
          Plaintiff/Appellant,          United States District Judge
v.

                                 Steven W. Rhodes
                                 United States Bankruptcy Judge


ROBERT D. SASSAK,

          Defendant/Appellee.

_____/

OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S SEPTEMBER 15,
2009 ORDER REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S
CLAIM OF EXEMPTIONS (BANKRUPTCY DKT. NO. 24)

      This matter comes before the Court on the Trustee's appeal of Bankruptcy Judge Steven

Rhodes' September 15, 2009 Order Regarding Trustee's Objection to Debtor's Claim of Exemptions

(Bankruptcy Court Dkt. No. 24). Both the Trustee ("Appellant") and the Debtor ("Appellee") have

filed briefs. The Court held a hearing on March 3, 2010. For the reasons that follow, this Court

affirms the Order of the Bankruptcy Judge.

I.      **BACKGROUND**

      This matter arises from a Chapter 7 Bankruptcy filing and the Appellee's choice to claim the

exemptions to which he is entitled under 11 U.S.C. § 522(b)(3) ("the state law exemption scheme"). The narrow issue before the Court is whether a debtor who elects the state scheme option set forth in 11 U.S.C. § 522(b)(3) can be limited to the exemptions specifically enumerated in MCL § 600.5451, which are available only to Michigan debtors in bankruptcy, and is denied entitlement to other Michigan exemptions historically available to both bankrupt and non-bankrupt debtors. In particular, the Court must determine whether Appellee is entitled to claim an exemption for certain life insurance policies, as permitted exemptions under MCL 500.2207.

The Bankruptcy Court, Judge Steven W. Rhodes, held that MCL 600.5451 was not exclusive and that the Debtor Appellee could take the exemption provided in MCL 500.2207. The Trustee appeals. This Court affirms.

## A.     The Federal Bankruptcy Exemptions

When a debtor files for federal bankruptcy protection, all of the debtor's property becomes the property of the estate. 11 U.S.C. § 541. The debtor is then permitted to remove certain property from the estate, protecting it from the reach of creditors, by claiming available exemptions as outlined in 11 U.S.C. § 522(d). "A fundamental component of an individual debtor's fresh start in bankruptcy is the debtor's ability to set aside certain property as exempt from the claims of creditors. Exemption of property, together with the discharge of claims, lets the debtor maintain an appropriate standard of living as he or she goes forward after the bankruptcy case." 4 *Collier on Bankruptcy*, ¶ 522.01 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2009). A competing purpose, of course, is the creditor's right to collect on its debts. "Historically, one of the prime purposes of the bankruptcy law has been to bring about a ratable distribution among the creditors of a bankrupt's assets; to protect the creditors from one another." *Young v. Higbee Co*., 324 U.S. 204 (1945). 11

2

U.S.C. § 522(b) is Congress' effort to harmonize these two competing objectives.

Under §522(b), the debtor can choose among two alternative exemption schemes: "an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." 11 U.S.C. § 522(b)(1).[1]  Property listed in paragraph (2) is "property that is specified under [522(d)], unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize." 11 U.S.C. § 522(b)(2). Property listed in paragraph (3) is defined, in pertinent part, as follows:

> (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition . . . ;
>
>         \*              \*              \*
>
> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirely or joint tenant is exempt from process under applicable nonbankruptcy law; and
>
> (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522 (3)(A)(B)(C).

The federal option, set forth in §522(b)(2), defines exempt property as that enumerated in §522(d), and is commonly referred to as the "opt-out" provision because, in adding the proviso "unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize," this section also gives states the option of denying their bankrupt debtors the right to claim the federal exemptions listed in §522(d) and forcing them to choose the state exemptions as

---

[1] Effective March 31, 2007, §522 was slightly modified and renumbered so that old (b)(1) is now (b)(2) and old (b)(2) is now (b)(3).  The difference has great significance.  Throughout this Opinion, unless quoting from earlier materials, the Court will refer to the current, renumbered sections.

outlined in §522(b)(3). "If a state exercises its opt-out power, then state law exemptions become the only exemptions available to bankrupt debtors within that jurisdiction." Joseph Lamport, *The Preemption of Bankruptcy-Only Exemptions*, 6 Cardozo L. Rev. 583, 584 (1985). The opt-out clause is said to have been a compromise between competing House and Senate views on exemption policy – the House bill generally favoring "the fresh start" goal for the debtor and the Senate bill treating debtors less favorably:

> The House and Senate reconciled their differences over exemption policy through the opt-out clause, which emerges for the first time as part of the last-minute compromise effort. The exemption scheme enacted in section 522 followed the House view to the extent that it enumerated federal exemptions in section 522(d). At that same time, the Senate view prevailed to the extent that the opt-out clause enabled states to make the federal exemptions unavailable to their residents. Thus, the Bankruptcy Code both includes and potentially excludes federal exemptions.

Lamport, *supra* at 596-97 (footnotes omitted). The clause is reported to have received very little debate and has been criticized as "ill-considered if not unconsidered." *Id.* at 597. Not surprisingly, the provision has "spawned extensive litigation and debate," challenging the constitutionality of the provision itself as well as the extent to which state exemption law can or should be circumscribed by federal exemptions listed in §522(d).[2] *Id.* at 597-98.

## B.     The Michigan Exemption Scheme

Michigan has not exercised its power to opt-out of the federal exemption scheme and therefore Michigan debtors may choose to proceed under 11 U.S.C. § 522(b)(2) (the federal

---

[2]The Sixth Circuit addressed this issue in *Rhodes v. Stewart*, 705 F.2d 159 (6th Cir. 1983), rejecting a challenge to the constitutionality of the Tennessee opt-out provision, and holding that Tennessee could not only opt-out of the federal scheme but could restrict bankrupt debtors to the same exemptions available to Tennessee residents generally, even though some of those restrictions were less favorable to debtors than those embodied in §522(d). Michigan has not exercised its opt out power and the court in *Rhodes* did not decide the issue before the Court in the instant case.

exemptions listed in §522(d)) or under 11 U.S.C. §522(b)(3) (the state exemption scheme). (Designation of Items to Be Included in the Record on Appeal, Bankr. Dkt. No. 33, Ex. 1 at 10.) Appellee in the instant matter chose to claim exemptions under 11 U.S.C. § 522(b)(3), the state exemption option.  (Bankr. Dkt. No. 33, Ex. 1 at 10.)  In the instant case, the Court is asked to examine the contours of the Michigan scheme under which Appellee has chosen to claim his exemptions.

Historically Michigan debtors, bankrupt and non-bankrupt alike, have been able to avail themselves of both the general exemption law as well as specific provisions of non-exemption laws which express an intent to shield debtors from levy and execution.  MCL 600.6023, Michigan's general exemption statute, provides in pertinent part: "Sec. 6023. (1) The following property of the debtor and the debtor's dependents shall be exempt from levy and sale under any execution: . . ." A comprehensive list of exempt property, from family pictures to IRA's, follows.

In addition, the Michigan exemption scheme historically has included as allowable exemptions those available under other Michigan statutes, not a part of the general exemption statute, some of which specifically reference bankruptcy proceedings and others which reference only creditors in general. Examples include: the exemption for veterans' benefits, MCL 35.977 ("no claim for payment under this act shall be assignable, or subject to garnishment, attachment, or levy of execution"); the exemption for state employee retirement benefits, MCL 38.1683 ("the right of a member or retirant of a retirement system to a retirement benefit shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or other process of law and shall be unassignable"); the exemption for public welfare benefits, MCL 330.1158a ("family support subsidy payments shall not be alienable by assignment, sale, garnishment, execution, or

otherwise, and in the event of bankruptcy shall not pass to or through a trustee or any other person acting on behalf of creditors"); the exemption for unemployment compensation benefits, MCL 415.821 ("Benefits Inalienable. All rights to benefits shall be absolutely inalienable by any assignment, sale, garnishment, execution or otherwise, and, in case of bankruptcy, the benefits shall not pass to or through any trustees or other persons acting on behalf of creditors: Provided, That this section shall not prohibit the use of any remedy provided by law insofar as the collection of obligations incurred for necessaries furnished to the recipient of such benefits or his dependents during the time when such individual was unemployed is concerned"). The insurance provision at issue in the instant case, MCL 500.2207, was held to be available to a debtor in bankruptcy in *In Re Johnson*, 274 B.R. 473 (Bankr. E.D. Mich. 2002).[3]

In 2005, the Michigan Legislature enacted MCL 600.5451, which by its terms applies only to debtors in federal bankruptcy:

> Sec. 600.5451. (1) A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to1330, may exempt from property of the estate property that is exempt under federal law or, under 11 USC 522(b)(2),[4] the following property:

MCL 600.5451(1). The section goes on to list multiple items of property as well as definitions of various terms. Although prior to enactment of MCL 600.5451, debtors in bankruptcy took exemptions, as described above, under Michigan's general exemption statute and other exemption provisions found throughout the Michigan code, Appellant argues that with the passage of MCL

---

[3] Appellant concedes that outside bankruptcy, Appellee would be entitled to exempt the insurance policy from creditors' collection activity. (Transcript of September 14, 2009 hearing before United States Bankruptcy Judge Steven W. Rhodes. (Bankr. Dkt. No. 34 at 3-4.)

[4] Michigan did not amend MCL 600.5451 to correspond to the renumbered §522, as discussed above in note 1. Accordingly, (b)(2) as printed in the Michigan statute corresponds to (b)(3) under the current federal statute, the state exemption option.

600.5451, the Legislature intended that the property listed in that section would become the "exclusive list" of property available to a debtor in bankruptcy choosing to claim exemptions under the state exemption option (§522(b)(3)). Appellant argues that the general exemption statute and the other exemption provisions that historically have been available to bankrupt and non-bankrupt debtors alike are no longer available to a Michigan debtor filing for bankruptcy under the federal bankruptcy laws and choosing the state exemption scheme. Appellee disagrees and argues that no such intention to make MCL 600.5451 the "exclusive" list of exemptions can be found in the plain meaning or the Legislative history of MCL 600.5451.

**C.     The Bankruptcy Court's Ruling and Interpretation of MCL 600.5451**

As outlined above, pursuant to 11 U.S.C. § 522(b)(1), a debtor in Michigan has the option of choosing to exempt property listed in the federal exemption scheme outlined in §522(d) or to exempt property pursuant to the state scheme as outlined in 11 U.S.C. §522(b)(3)(A),(B) and (C). Appellant chose to proceed under §522(b)(3) and therefore was entitled to exempt all of the following property:

> (A) subject to subsections (o) and (p) [of 11 U.S.C. §522], any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition . . . ;
>
> *                    *                    *
>
> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirely or joint tenant is exempt from process under applicable nonbankruptcy law; and
>
> (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

11 U.S.C. § 522(b)(3)(A)(B)(C). Electing to proceed under §522(b)(3), Appellee claimed several

7

items listed in MCL 600.5451, Michigan law applicable to debtors filing bankruptcy, and also claimed a life insurance policy under MCL 500.2207, the non-bankruptcy exemption for insurance policies. (Bankr. Dkt. No. 33, Ex. 1 at 10.) Focusing on the language of §522(b)(3)(A), the Bankruptcy Judge concluded that there was no dispute that the insurance policy was exempt under state law applicable outside bankruptcy at the time Appellee filed his petition and that therefore it was exempt under §522(b)(3):

> My ruling is as follows. In the Court's view, the issue is determined by the language in 11 U.S.C. section 522(b)(3)(A), which permits the debtor to exempt property that is exempt under state law, and so the most natural reading of that provision is to determine whether the property is exempt under state law. If it's exempt under state law, then it can be exempted in bankruptcy. And as the trustee has conceded, outside of bankruptcy this property would be exempt and, therefore, under Section 522(b)(3)(A), it is exempt in bankruptcy.

(Bankr. Dkt. No. 34 at 9.) Appellant argues that, while facially attractive, the Bankruptcy Judge's ruling ignores the fact that the only "applicable state law" at the time Appellee filed his petition was MCL 600.5451, which Appellant contends defines the exclusive list of property that may be exempted under Michigan law once a debtor files for bankruptcy. Because MCL 600.5451 does not include an exemption for the insurance policy at issue, Appellant denied Appellee's exemption.

Appellee responds that the interpretation urged by Appellant conflicts with the language of 11 U.S.C. § 522(b)(3) which entitles a debtor, proceeding under §522(b)(3), to claim other property not listed in the MCL 600.5451, e.g. property exempt under local law and property exempt under federal non-bankruptcy law such as social security payments((b)(3)(A)), plus certain entireties property ((b)(3)(B)) and certain retirement funds ((b)(3)(C)). These items are expressly made available under the federal law to a debtor electing to proceed under §522(b)(3) and do not appear on the list of property contained in MCL 600.5451. Appellee also argues that Appellant's argument

for exclusivity denies to a Michigan bankrupt debtor a whole litany of exemptions historically available to Michigan debtors, such as veterans benefits, unemployment compensation benefits and state employee retirement benefits. Appellee urges that this result could not have been, and was not, intended by the Michigan Legislature.

## II.    JURISDICTION

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a)(1) which provides that, "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## III.   STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *In Re Baker & Getty Fin. Serv., Inc.*, 106 F.3d 1255, 1259 (6th Cir. 1997). There is no dispute that this appeal involves a question of law and this Court's review of the Bankruptcy Court's ruling is therefore *de novo*.

## IV.    ANALYSIS

The narrow issue before the Court is whether MCL 600.5451 is the exclusive list of property that Appellee is entitled to claim as exempt or whether he may also claim an exemption, under MCL 500.2207, for his interest in a whole life insurance policy, which Appellant concedes Appellee would be entitled to exempt under applicable Michigan non-bankruptcy exemption laws. While Appellant and Appellee each argue that the plain meaning of MCL 600.5451 supports their

respective position, the Court concludes that, in fact, the statute is ambiguous and therefore looks to both the statutory language and the available legislative history in analyzing the issue presented. *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 255 (1992) (Stevens, J., concurring) ("Whenever there is some uncertainty about the meaning of a statute, it is prudent to examine its legislative history."). As the Supreme Court noted in *Wisconsin Public Intervenor v. Mortier*, 501 U.S. 597, 610 n. 4 (1991): "Our precedents demonstrate that the Court's practice of utilizing legislative history reaches well into its past. *See, e.g., Wallace v. Parker*, 6 Pet. 680, 687-690, 8 L.Ed. 543 (1832). We suspect that the practice will likewise reach well into the future."

## A.     The Argument for Exclusivity

Appellant argues that the plain language of MCL 600.5451 is conclusive as to its meaning and that "the sole function of the court is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 240-41 (1989).  It is a cardinal rule of statutory construction that unless the rare case presents itself where " the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters," the court should not inquire beyond the statutory language.  *Id*. at 242.  In the event of such a rare case, "the intention of the drafters, rather than the strict language, controls."  *Id.*

Appellant argues that 11 U.S.C. § 522(b)(3), under which Appellee claims his exemptions, directs by it terms that a debtor may claim property that is exempt under "applicable state law" and that MCL 600.5451 clearly states that it is the only applicable state law for a Michigan debtor once a bankruptcy petition is filed.  Appellant relies on the opening language of MCL 600.5451 which provides:

> Sec. 5451.  (1) A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1330, may exempt from property of the estate property that is exempt under federal

10

law or, under 11 USC 522(b)[3], the following property: . . .

Appellant argues that the statute plainly reads that a debtor may exempt either property listed in §522(d) (the federal scheme) or "the following property," which is the exclusive list contained in the remainder of section 5451.[5]  The insurance policy claimed by Appellee is not on the list. Appellant argues that nothing in the statutory language indicates that other property, not in the § 5451 list, can also be exempted by a debtor in bankruptcy.  Because Appellee chose to proceed under 11 U.S.C. § 522(b)(3), and because, Appellant argues, the exclusive applicable state law is MCL 600.5451, which does not include the claimed exemption, the exemption must be disallowed. (Appellant's Br. 7-9.)

Appellant contends that if the Court finds the § 5451 language to be ambiguous, reference can be made to the "scant" legislative history, which, Appellant contends, supports its interpretation of the statute.  Appellant does not, however, refer the Court to any legislative history but draws conclusions based upon other Legislative happenings.  Appellant first points to the fact that the Legislature, in adopting MCL 600.5451, chose to enact a separate statute instead of just amending the existing Michigan exemption scheme found in MCL § 600.6023.  (Appellant's Br. 10.)  Noting that debtors in bankruptcy, prior to passage of MCL 600.5451, had relied on MCL § 600.6023 when

---

[5] Appellant apparently gives no interpretive weight to the restrictive clause "under 11 USC 522(b)[3]" and reduces the paragraph to mean that a debtor can choose either X (federal exemptions under §522(d)) or Y, Y being "the following property," and nothing more.  Ignoring the parenthetical technically accords with standard rules of grammar, i.e. enclosing a parenthetic phrase in commas indicates that it is a nonrestrictive clause and therefore "is not essential to complete the meaning of [the] sentence."  Peter Jeremy Smith, *Commas, Constitutional Grammar, and the Straight-Face Test: What if Conan the Grammarian Were a Strict Textualist?*, 16 Const. Comment. 7 (Spring, 1999).  However, as discussed *infra* at pp. 17-19, such an over-technical reading of the statutory language ignores important language contained in 11 U.S.C. § 522(b)(3) and leads to a result at odds with the discernible legislative intent of MCL § 600.5451.

claiming exemptions, Appellant reasons that the Legislature must have intended that section 5451 be the exclusive list exemptions or it would not have enacted a separate statute on that specific subject. (Appellant's Br. 10.) Appellant points out that the appearance in section 5451 of language that is virtually identical to a parallel provision in MCL 600.6023a (MCL 600.5451(1)(o) and MCL 600.6023a both address the issue of the ability of creditors/trustees to reach joint tenancy property of the debtor) would have been a redundancy if the statutes were meant to operate in tandem.

This Court is aware that in *In the Matter of Eisenberg*, No. 05-56811 (Bankr. E.D. Mich. 2006), Bankruptcy Judge Thomas J. Tucker issued an opinion from the bench which addressed the exact issue before this Court and agreed with the arguments made by Appellant in the instant matter. Indeed, Appellant's arguments appear to track Judge Tucker's opinion almost exactly. The debtor in *Eisenberg* elected Michigan exemptions as permitted by 11 U.S.C. §522(b)(3). (Transcript of January 6, 2006 Hearing, Bankr. Dkt. No. 25 at 11.) (Hereinafter Eisenberg Hr'g at __.") The *Eisenberg* debtor also claimed the cash surrender value of two life insurance policies, claiming exemption pursuant to MCL §§ 500.2207. (Trustee's Objection to Debtor's Claim of Exemption and Brief in Support, Bankr. Dkt. No. 15 at 5.) (Hereinafter "Obj.") The trustee argued, as the Appellant does here, that although on its face, MCL § 500.2207 applied, it was not applicable to bankruptcy cases given the Legislature's then-recent enactment of MCL 600.5451. The trustee argued, and Judge Tucker agreed, that MCL 600.5451 is the exclusive state law provision for bankruptcy exemptions claimed under §522(b)(3). (Obj. 5.) After noting that there was no Michigan case law on the question and that the trustee's argument was based solely on the wording of the statute, Judge Tucker held that the plain wording of the opening paragraph of MCL § 600.5451 expressed a clear intent by the Legislature to make this section the exclusive list of exempt

property available to debtors who elect Michigan exemptions under §522(b)(3).  Judge Tucker first reasoned that MCL 500.2207, the life insurance exemption, had been a longstanding exemption provision and the fact that the Legislature did not see fit to specifically include or reference that section when it enacted MCL 600.5451 meant that it did not intend for that provision to be available to bankrupt debtors under that section.  (Eisenberg Hr'g 12-14.)  Second, Judge Tucker was persuaded that had the Legislature intended to leave existing exemptions available to debtors in bankruptcy, it would simply have amended MCL 600.6023 rather than enacting a whole new chapter.  (Eisenberg Hr'g 15.)  Finally, as the Appellant argues in the instant case, Judge Tucker found the fact that the Legislature enacted a virtually identical provision, MCL 600.6023a, in a separate section of the code on the very same day, indicative of a legislative intent that MCL 600.5451 be the exclusive list of property that may be exempt in bankruptcy by a debtor electing Michigan exemptions under §522(b)(3).  (Eisenberg Hr'g 16-17.)

## B.     The Argument for Non-Exclusivity

Appellee responds, using the same Legislative actions in support, that the original purpose behind MCL 600.5451 was to "modernize and liberalize" MCL 600.6023 for debtors filing bankruptcy:

> There had been a proposal to amend MCL 600.6023 as to all debtors, but it met with opposition from an organization of collection attorneys.  The compromise reached allowed for an amendment and liberalization of the state bankruptcy exemptions, with the less-liberal exemptions being preserved for those who did not file bankruptcy.  The published legislative history on MCL 600.5451 is scant.

Appellee's Br. 2. While Appellee provides no actual citation to the legislative history to support this conclusion, the Court's own review of the available legislative history and various bill analyses

confirms that this is a fair interpretation.[6]

As originally introduced on April 1, 2004, MCL 600.5451 (H.B. 5763) was a marked-up version of MCL 600.6023. *See* House Bill No. 5763, April 1, 2004, Introduced by Lipsey, et al. and referred to the Committee on Judiciary. H.B. 5763 (which ultimately was passed as MCL 600.5451) was introduced as "a bill to amend . . . MCL 600.6023 and 600.6027 . . . ." The next available legislative analysis is the Legislative Analysis in the House Fiscal Agency which is entitled: "Exemptions from Bankruptcy and Creditor Claims." *See* Legislative Analysis, House Fiscal Agency, April 26, 2004. At this stage, the bill was packaged with several other proposed bills, including a bill to amend the very insurance provision under which Appellee seeks an exemption in the instant case. The bills collectively were intended to "amend various acts to protect certain types of property, death benefits from life insurance policies, structured settlements, and workers' compensation benefits from bankruptcy and creditors' claims." *Id.* "House Bill 5763 would amend the Revised Judicature Act (MCL 600.23 and 600.27) to revise the list of types of property that would be exempt in bankruptcy proceedings from levy and sale under an execution and to adjust for

---

[6] The Court recognizes that the bill analyses do not constitute an official statement of legislative intent and that they have been criticized in Michigan as being "a feeble indicator of legislative intent." *Lynch & Co. v. Flex Technologies, Inc.*, 463 Mich. 578, 587 (2001). Recognizing this, courts have still found that they may be of "probative value." *Seaton v. Wayne County Prosecutor*, 233 Mich. App. 313, 321 n. 3 (1998).

In the context of the specific legislation at issue in this case, MCL 600.5451, other courts in this district have noted the "sparse" legislative history on this Act and have reviewed these same bill analyses, cognizant of their lack of authoritative value. Noting that these bill analyses expressly disclaim that they are an official statement of legislative intent, the court in *In re Lindstrom*, 331 B.R. 267, 271 (Bankr. E.D. Mich. 2005) considered them as somewhat supportive of the Trustee's position "to the extent they reflect any thinking by the Michigan legislature . . . ." "Where the mind labours to discover the design of the legislature, it seizes every thing from which aid can be derived." *Mortier, supra,* at 610 n.4 (citing *United States v. Fisher*, 2 Cranch 358, 386, 2 L.Ed. 304 (1805)). The Court reviews these bill analyses for their bearing on legislative intent and for the light that they shed on the context in which H.B. 5763 was originally presented and ultimately passed.

14

inflation the dollar amounts of the interest in a property that can be exempted.  Some obsolete provisions would be deleted or revised and the value of the interest that could be exempted would be increased for a number of types of property."  *Id*.

The House Republican Policy Office, House Judiciary Committee Analysis of the package of bills ("HB 5763-5766 & 5780-81 - Bankruptcy; revise exemptions from execution") also supports the conclusion that these bills, dealing with various state law exemption provisions, were meant to be considered as a comprehensive package:

> The package of 6 bills was the product of an advisory committee set up by the chief sponsor, Rep. Lipsey, last session to review and make recommendations to update property exemption laws.  The transmittal letter with the report of the advisory committee (August 11, 2003) viewed as its charge: "In light of the general purpose of property exemptions, which is to ensure that a resident of the State of Michigan faced with financial misfortune is allowed to retain essential living needs so he or she does not become a "public charge" and is given a chance of recover, the Committee's goal was to determine if the Michigan's property exemption laws, which for all intents and purposes, had not been modified or amended since 1963, still provided residents with the necessary protection in today's times."  The advisor[sic] committee stated that the "ultimate goal" of its effort to modernize Michigan's exemption laws was "to update or redraft exemption statutes that provided stability in the context of today's times for those under financial distress, yet be fair to creditors owed legitimate debts."

> Another key context is the role of Michigan's exemption vis a vis federal bankruptcy law.  The 1978 federal bankruptcy act, 11 USC §522, provides limited federal exemptions but gives debtors the choice to apply federal or state exemptions unless a state requires debtors to use state exemptions.  The advisory committee report (at pg A-2) states that a majority of states require debtors in bankruptcy to use state exemption laws. Michigan does not. *Michigan debtors may use federal or state exemptions.  This package would not change that.*

House Republican Policy Office, Committee Analysis, April 27, 2004.  (Emphasis added).

Ultimately, H.B. 5763 was enacted not as an amendment to MCL 600.6023 but as a separate chapter.  There is no explanation of how H.B. 5763 came to stand on its own as a new chapter, as opposed to an amendment to MCL 600.6023, or why the Legislature decided to pass as part of the

same Public Act the joint tenancy amendment to the general exemption scheme, MCL 600.6023a. There is no discussion, and no indication, that in ultimately enacting H.B. 5763 as a new chapter (which differed very little from the marked-up version originally introduced as an amendment to 600.6023), as opposed to an amendment to MCL 600.6023, the Legislature intended to somehow divorce the bill's contents from the rest of the state exemption laws, with which it had originally been proposed. There is no question that had H.B. 5763 been passed as an amendment to MCL 600.6023, the life insurance exemption at issue in this case would have been available, as it always had been under that statute.

On January 6, 2005, three days after H.B. 5763 became effective, the House Fiscal Agency issued an Analysis which summarized the bill as one that "would increase the exemption thresholds for various types of property in a bankruptcy proceeding." As passed, H.B. 5763 differed very little from the marked-up version originally introduced as an amendment to MCL 600.6023. In ultimately enacting MCL 600.5451 in a separate chapter, the legislature concluded that these enhanced exemptions would be available only to debtors filing bankruptcy, as opposed to non-bankrupt debtors. Some courts have held that such disparate treatment of bankrupt and non-bankrupt debtors offends the constitution.[7] But that is not the issue before this Court. The issue is whether, assuming the Legislature did pass such bankruptcy-specific legislation, they also intended

---

[7] In *Sheehan v. Peveich*, 574 F.3d 248, 252, (4th Cir. 2009), *cert. denied*, __ S.Ct. __, No. 09-481, 2010 WL 58768 (Jan. 11, 2010), for example, the court held that states may restrict residents to state promulgated exemption schemes (i.e. may "opt-out" of the federal scheme) and may treat bankrupt and non-bankrupt debtors differently in creating their bankruptcy specific statutes. The court in *Sheehan* specifically noted that it was not asked to address the exact question presented to this Court in the instant matter: "It is not clear whether the exemptions in § 38-10-4 are intended to supercede or supplement West Virginia's general exemptions in bankruptcy proceedings; however that issue is not before us today." *Id*. at 252 n. 1.

16

to prohibit a debtor who claims state exemptions under 11 U.S.C. §522(b)(3) from continuing to claim other historically available exemptions, in specific the exemption for certain insurance policies found in MCL 500.2207.[8]  This Court concludes that the Legislature could not have intend such a result when enacting MCL 600.5451.

## C.     Interpreting  MCL 600.5451 in the Context of Its Passage and In a Manner Consistent With 11 U.S.C. § 522(b)(3)

The Supreme Court in *Ron Pair, supra*, instructed that the plain meaning of a statute will control unless literal application would "produce a result demonstrably at odds with the intentions of its drafters." 489 U.S. at 242.  Appellant's "plain meaning" reading gives no interpretive weight to the restrictive clause "under 11 USC 522(b)[3]" and interprets the paragraph to mean that a debtor can choose either X (federal exemptions under §522(d)) or Y, Y being "the following property," and nothing more.  Ignoring the parenthetical technically accords with standard rules of grammar, i.e. enclosing a parenthetic phrase in commas indicates that it is a nonrestrictive clause and therefore "is not essential to complete the meaning of [the] sentence."  *See* Smith, *supra* note 6.  However, a court should not be overly-generous "in allowing use of punctuation as a tool of statutory interpretation."  Lance Phillip Tambreza, *The Elusive Comma: The Proper Role of Punctuation in Statutory Interpretation*, 24 Q.L.R. 63,66 (2005).  In the instant matter, such a strict reading produces a result at odds with the legislative intent of the drafters and in conflict with the mandate of 11 U.S.C. § 522(b)(3).

To reiterate, in 11 U.S.C. §522(b)(1), the Federal Bankruptcy Code gives a debtor two

---

[8] This Court is not asked to consider, and does not decide, whether a non-bankruptcy exemption which directly conflicts with an exemption listed in MCL § 600.5451 would be available to a debtor claiming the exemptions under 11 U.S.C. §522(b)(3).  MCL § 600.5451 is silent on the issue of the insurance policy claimed by Appellant in the instant case.

alternative exemption schemes to choose from: unless state law provides otherwise (which Michigan

does not), a debtor may choose to proceed: (1) under 11 U.S.C. § 522(b)(2) and exempt from the

estate property listed in the federal bankruptcy exemptions set forth in 11 U.S.C. § 522(d); or (2) he

may choose to proceed under 11 U.S.C. § 522(b)(3) and exempt from the estate property exempt

under applicable state or local law, together with property exempt under federal non-bankruptcy

law.[9]  Appellee in the instant matter chose the second option and therefore is entitled to claim

property exempt under state and local law as well as property exempt under federal non-bankruptcy

law.  Appellant's argument that MCL 600.5451 is the exclusive list of property ignores the original

intent of the drafters of H.B. 5763 that this legislation "modernize and liberalize" laws applicable

to bankrupt debtors in Michigan and ignores the mandate of 11 U.S.C. § 522(b)(3) that a debtor

receive all exemptions available under applicable state or local law, together with property exempt

under federal non-bankruptcy law.  In defining the contours of MCL 600.5451, this Court must

attempt to give effect to the legislative intent and , to the extent possible, this Court must attempt

to interpret MCL 600.5451 in a manner that avoids a conflict with the bankruptcy code.  *See In re

Lindstrom, supra* at 271; *In re Vinson,* 347 B.R. 620, 624 (Bankr. E.D. Mich. 2006).

1.      **The available evidence of legislative intent and the context in which MCL 600.5451 was adopted support a finding that MCL 600.5451 was not meant to foreclose a bankrupt debtor's entitlement to other fundamental Michigan exemptions.**

The available legislative history pertaining to MCL 600.5451 evidences an intent to

modernize, not limit, the exemptions available to debtor in bankruptcy.  *See supra* discussion at pp.

13-16.  While Appellant argues that the plain meaning of the statute supports the argument for

_____

[9] A debtor claiming under 11 U.S.C. § 522(b)(3) is also entitled to certain entireties property and certain retirement funds.  *See* 11 U.S.C. § 522(b)(3)(B)(C).

exclusivity, in fact the word "only" does not appear in the opening paragraph of MCL 600.5451. Appellant provides the Court with no evidence of an intent to have the property listed in MCL 600.5451 as the "only" exempted property for debtors in bankruptcy and to deprive debtors in bankruptcy of a whole host of other exemptions to which Michigan debtors have historically been entitled.

While Appellant urges this Court to read "the following property" in the introductory paragraph of MCL 600.5451 to mean "*only* the following property," Michigan courts have never read identical language – the following property – contained in the introductory paragraph of Michigan's general exemption statute, MCL 600.6023, to mean "*only* the following property." In fact courts have allowed, under MCL 600.6023, in addition to "the following property," all of the other important exemptions found scattered throughout the Michigan Code, such as veterans, state employee retiree, public welfare and unemployment compensation benefits. Importantly, most of these are fundamental benefits which are almost uniformly preserved in all exemption schemes, including under the federal scheme set forth in 11 U.S.C. § 522(d) and in the exemption schemes of many states that have opted out of the federal scheme altogether. *See e.g.*, W. Va. Code § 38-10-4; Ga. Code Ann., § 44-13-100; I.C.A. § 627.6 (Iowa); T.C.A. § 26-2-112 (Texas).

Appellant argues that enacting MCL 600.5451 and MCL 600.6023a simultaneously would have been redundant had the Legislature not intended that MCL 600.5451 be the exclusive list of property available to debtor in bankruptcy. Appellant fails to explain the "redundancy" and ignores the more significant fact that the MCL 600.5451 was originally presented as an amendment to MCL 600.6023, a fact which this Court finds persuasive of a legislative intent that it be similarly interpreted, i.e. that other historically available Michigan exemptions continue to be available to

debtors in bankruptcy. Appellant provides the Court with no persuasive evidence that the Legislature, in ultimately enacting MCL 600.5451 as a separate chapter, meant to strip the bankrupt debtor of other significant exemptions available under other Michigan statutes, such as the insurance policy exemption at issue here or others as discussed in this Opinion.

In a recent decision declaring MCL 600.5451 unconstitutional and unenforceable against the bankruptcy trustee, the bankruptcy court in *In Re Pontius*, 421 B.R. 814 (Bankr. W.D. Mich. 2009) discussed the route by which MCL 600.5451 was enacted.[10] Echoing this Court's observation that the act was originally proposed as an amendment to the general exemption statute, MCL 600.6023, and was passed as a bankruptcy-only statute without explanation, the court noted:

> The route by which the Michigan Legislature concluded that it could enact exemptions which would apply *only* in a *federal bankruptcy* case is murky. In 2001, an Advisory Committee to the Civil Law and Judiciary Subcommittee of the House Civil and Judiciary Committee of the Michigan Legislature ("Advisory Committee") was formed "to review and, if appropriate, provide recommendations to update the property exemption laws." The Advisory Committee labored for two years before issuing a Report and Recommendations to the Subcommittee ("Report and Recommendations"). The Report and Recommendations suggested many changes to the general Michigan exemption statute, § 600.6023, including an increase in the $3,500 Michigan homestead exemption to $30,000 ($45,000 if the debtor or a dependent of the debtor was over 65 or disabled). The Report and Recommendations did not recommend limitation of these new exemptions only to bankruptcy proceedings. *Report and Recommendations of the Advisory Committee to the Civil Law and Judiciary Subcommittee of the House Civil and Judiciary Committee*

---

[10] Agreeing with Judge Hughes' opinion in *In Re* Wallace, 347 B.R. 626 (Bankr. W.D. Mich. 2006), the court in *In Re Pontius* concluded that MCL 600.5451 was unconstitutional. However, several courts have dismissed constitutional challenges to similar bankruptcy specific schemes. *See Sheehan, supra* (holding that states may restrict residents to state promulgated exemption schemes (i.e. may "opt-out" of the federal scheme) and may treat bankrupt and non-bankrupt debtors differently in creating their bankruptcy specific statutes); *In Re Applebaum*, 422 B.R. 644 (9th Cir. BAP 2009) (finding that California's bankruptcy-only exemptions did not violate the Supremacy Clause). *See generally* Lamport, *supra*. This Court need not pass on the constitutionality of MCL 600.5451 because it finds that the Michigan bankruptcy statute does not preclude Appellee from also claiming an exemption under MCL 500.2207.

*Regarding Proposed Modifications to the Michigan Exemption Statutes, the Purpose and Policy of Michigan Exemption Laws* (August 11, 2003).

\* \* \*

With few changes, the new exemptions suggested by the Report and Recommendations were adopted by the Michigan Legislature in 2004, to be effective on January 3, 2005, as § 600.5451. *However, the Legislature limited the application of the law only to proceedings involving "[a] debtor in bankruptcy under the Bankruptcy Code."* Applying the new statutory exemptions only to federal bankruptcy proceedings was without explanation in either the legislative history or the Advisory Committee records. Winnifred P. Boylan & Melanie R. Beyers, *The Trek of Michigan Exemptions in the Universe of Bankruptcy*, 33 Michigan Real Property Review 85, 85-92 (Summer 2006).

421 B.R. at 816-17 (footnotes omitted) (emphasis in original). The court in *In Re Pontius* was not called upon to address the issue presented in the instant case, i.e. whether in deciding, without discussion, to ultimately enact MCL 600.5451 as a separate bankruptcy-only statute, the legislature intended to simultaneously deny a bankrupt debtor exemptions available under the existing general exemption scheme. However, the court's discussion of the route by which the legislation came to pass, and its recognition of the fact that it was originally proposed as an amendment to the general exemption scheme, supports the deduction that there was no intent to restrict a bankrupt debtor's entitlement to other fundamental exemptions which unquestionably would have remained available had MCL 600.5451 passed as an amendment to MCL 600.6023.

> 2. **Appellant's reading of MCL 600.5451 as the exclusive list of exemptions available to a bankrupt debtor conflicts with the broader mandate of 11 U.S.C. § 522(b)(3).**

In specifically referencing §522(b)(3) in the parenthetical in the introductory paragraph of MCL § 600.5451, an inclusion which Appellant's interpretation attempts to ignore, the Michigan legislature reinforced the availability of all of the exemptions listed in (b)(3), i.e. non-bankruptcy federal law such as social security payments, as well as all applicable state and local law. In fact,

in the instant matter, the Appellee did claim an exemption under 42 U.S.C. § 407 for social security payments (Bankr. Dkt. No. 33, Ex. 1 at 10, Schedule C, Property Claimed as Exempt) and the Appellant did not challenge this exemption. Yet this item, like the insurance policy exemption, is not specifically listed in MCL 600.5451. Appellant does not explain why MCL 600.5451 should be read to exclude one but not the other, neither of which is found on "the exclusive list." Indeed, the language of Schedule C itself, which a Michigan debtor in bankruptcy must complete when claiming exempt property, further supports a finding of non-exclusivity. Schedule C instructs the debtor to check one of two boxes when claiming exemptions: one box for 11 U.S.C. § 522(b)(2) (the federal scheme) or the other box for 11 U.S.C. § 522(b)(3) (the state scheme). If MCL 600.5451 is intended to be the exclusive list available to a debtor claiming under the state exemption scheme, one would expect the second box to read "MCL 600.5451" instead of referring the debtor to broader scope of 11 U.S.C. § 522(b)(3). To read MCL 600.5451 as the exclusive list of exemptions available to a Michigan debtor in bankruptcy would create a conflict with 11 U.S.C. § 522(b)(3), which gives such a debtor the right also to claim exemptions available under local law and under federal non-bankruptcy law (as well as certain entireties and retirement property listed in §522(b)(3)(B) and (C)).

At least two Michigan bankruptcy court cases, which do not directly address the issue presented in the instant matter, adopt this comprehensive reading of 11 U.S.C. § 522(b)(3) and proceed on the assumption that MCL 600.5451 is not exclusive, and lend further support to the Court's conclusion. In *In Re Basch,* 341 B.R. 615 (Bankr. E.D. Mich. 2006), the debtor was claiming the state law exemptions under 11 U.S.C. § 522(b)(3), as the Appellee is here. 341 B.R. at 617. The debtor was claiming property owned by him and his wife as joint tenants under MCL

600.5451(1)(o). *Id*. The trustee objected to the exemption because a prior decision of the bankruptcy court had found section 5451(1)(o) to be unconstitutional. *See In Re Raynard*, 327 B.R. 623 (Bankr. W.D. Mich. 2005). The court in *In Re Basch* noted also that the bankruptcy specific entireties exemption was constitutionally suspect in any event because it was not available outside of bankruptcy. 341 B.R. at 619. The court concluded, however, that it could avoid deciding the constitutionality of MCL 600.5451(1)(o) because the debtor could amend his petition and claim his entireties exemption pursuant to MCL 600.6023a. "Because this exemption statute [MCL 600.6023] may be used either outside of bankruptcy or inside of bankruptcy by virtue of § 522(b)[(3)], it appears to be immune from any valid constitutional challenge. . . . To avoid any constitutional question, the Debtor would be wise to amend his entireties exemption to list the general exemption, Mich. Comp. Laws § 600.6023a, in lieu of the currently elected bankruptcy specific entireties exemption, Mich. Comp. Laws § 600.5451(1)(o)." *Id*. at 621-23. Thus, although the debtor clearly had chosen the state exemption option under 11 U.S.C. § 522(b)(3), the court obviously interpreted the "applicable state law" language in §522(b)(3) to mean bankrupt and non bankrupt specific state law and in fact directed the debtor to simultaneously avail himself of exemptions in both the general and bankruptcy specific exemption statutes.

Similarly, in *In Re Pontius*, *supra*, the court implied that it was forced to decide the constitutionality of the bankruptcy specific MCL 600.5451 because, unlike the debtor in *In Re Basch, supra*, the debtor before it was unmarried and could not avail himself of the general exemption statute and specifically MCL 600.6023a. *Id*. at 818-819. The necessary assumption is that the debtor, who was claiming the state exemptions under §522(b)(3), could have claimed an exemption under the general exemption statute but for the fact that he was unmarried.

The available legislative history relating to MCL 600.5451, although sparse and admittedly not authoritative, indicates that H.B. 5763 initially was presented as part of a package of bills that were intended to modernize and liberalize the Michigan exemption scheme. It is not clear why MCL 600.5451 appeared in its final form as a separate chapter but there is no indication that it was meant to operate in a vacuum, divorced in operation from the important exemption provisions with which it was initially introduced. This Court is convinced that the Michigan Legislature would not so cavalierly have eroded such important protections in a piece of legislation intended at its very essence to modernize and liberalize the state's exemption laws in favor of the bankrupt debtor.

Given the absence of express limiting language in the opening paragraph of MCL 600.5451 and the conflict which a finding of exclusivity would present with the broader mandate of 11 U.S.C. § 522(b)(3), and further in view of the lack of demonstrable intent in the available legislative history to radically alter the historically available exemptions that Michigan debtors have long been entitled to claim, and finally, given the directive that this Court should avoid deciding a constitutional issue if resolution can reasonably be reached by statutory interpretation, this Court concludes that Appellee, who claims exemption pursuant to 11 U.S.C. § 522(b)(3), is also entitled to claim an exemption under MCL 500.2207 for the value of his whole life policy.

## V.     CONCLUSION

This Court AFFIRMS the Bankruptcy Judge's September 15, 2009 Order Regarding Trustee's Objection to Debtor's Claim of Exemptions (Bankr. Dkt. No. 24.)

IT IS SO ORDERED.


                                    S/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2010

                        CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on
March 17, 2010.


                                    S/Denise Goodine
                                    Case Manager